UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE CHARLES STOVAL,<br><br>                              Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.: 22cv1015-NLS<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; and**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

Before the Court are Plaintiff Theodore Charles Stoval's complaint seeking judicial review of the Social Security Administration's decision and motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1-2. After due consideration and for the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint with leave to amend, if amended within 60 days of the date of this order, and **DENIES** the motion to proceed IFP.

**I.    Screening Under 28 U.S.C. § 1915(e)**

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject

to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Social security appeals are not exempt from this § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint in a social security appeal is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

Several courts within the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*See, e.g.*, *Montoya v. Colvin*, No. 16cv00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases); *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of

the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3.  Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is insufficient to satisfy a plaintiff's pleading requirement.  *See, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 12cv1142-BAM 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012); *Graves*, 2015 WL 357121, at *2.  Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2; *see also Harris v. Colvin*, No. 14cv383-GW (RNB), 2014 WL 1095941, *4 (C.D. Cal. Mar. 17, 2014) (dismissing complaint which did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, No. 11cv454-GSA, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (dismissing complaint which did not "provide[] any substantive reasons" for appealing the ALJ's decision and did not "identif[y] any errors in [the] decision").  The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that she is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)." *Graves*, 2015 WL 357121, at *2.

With these standards in mind, the Court turns to Plaintiff's complaint.  Plaintiff states that "the denial of his disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g) and all other applicable laws and regulations, including the weight of the evidence, Plaintiff's credibility, the medical opinions of his doctors, and any and all other applicable evidentiary issues, both in law and in fact." ECF No. 1 at ¶ 9.  This amounts to nothing more than "merely parrot[ing] the standards used in reversing or remanding a case" and is insufficient to satisfy a plaintiff's pleading requirement.  *See Cribbet*, 2012 WL 5308044, *3; *Graves*, 2015 WL

357121, at *2.  There is no specific reason given about what specific evidence is being contested in this case, nor is there any identification of what "new and material" evidence now exists.  Simply stating that no substantial evidence exists is not sufficient.  *See Harris*, 2014 WL 1095941, *4 (dismissing complaint which did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied").  Accordingly, the Court finds that Plaintiff's complaint fails to state a claim for relief and **DISMISSES** the complaint with leave to amend.  Plaintiff may correct the deficiencies in his complaint to comply with the requirements as set forth above, and file an amended complaint **within 60 days of this order**.

## II. Motion to Proceed IFP

It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  The determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339).  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).  Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff submits an affidavit stating that he receives $3,700 a month in income.  ECF No. 2 at 1-2.  He states that he has $1,700.00 in his bank account.  *Id.* at 2.

As for assets, he own a car worth $2,000.00. *Id.* at 3. His total monthly liabilities total $2,904.00, including rent, utilities, and other expenses. *Id.* at 4-5.

With this financial information as background, the Court finds that Plaintiff has not made the requisite showing that he lacks the financial resources to pay the filing fees associated with commencing this lawsuit. Plaintiff's monthly expenses are covered by his monthly income and he has funds in his bank account. Plaintiff's income minus expenses, combined with his assets, do not support his claim of indigency and inability to pay the $400 filing fee. Accordingly, the Court cannot conclude that requiring Plaintiff to pay the filing fee would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Thus, the Court **DENIES** the motion to proceed IFP. In order to pursue his case, Plaintiff must pay the filing fee by no later than **August 22, 2022**.

**IT IS SO ORDERED.**

Dated: July 25, 2022

Hon. Nita L. Stormes
United States Magistrate Judge